**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36997**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 676 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 18, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRETT HAROLD CHARLTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order denying motion for credit for time served, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Brett Harold Charlton entered an *Alford*[1] plea to aggravated assault, Idaho Code §§ 18-901(b), 19-905(a), and the State dismissed a deadly weapon enhancement and charges in a separate case. Charlton, upon release to pretrial services pending sentencing, failed to appear for his presentence interview, failed to appear for sentencing, and absconded. The district court issued a warrant for his arrest in May 2007. On April 15, 2009, Charlton was served with the bench warrant. On May 1, 2009, the district court imposed a unified sentence of five years with one year determinate. Charlton filed a motion for credit for time served, which the district court denied. Charlton appeals.

Idaho Code § 18-309 provides for credit for time served attributable to the conduct or charges in the particular case, but not for unrelated charges. After absconding in the instant

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

matter, Charlton was arrested and held in Ada County on a separate charge. Charlton acknowledges that he received credit for time spent in the Ada County jail, but "mindful of this fact," he asserts that he should have been granted credit for time served while in Ada County, applicable to the Bonneville County matter. The basis for this claim is that a booking sheet from Ada County references a Bonneville County charge, from which Charlton argues he was held in Ada County on both the Ada County and the Bonneville County charges. However, the Bonneville County bench warrant was not served until April 15, 2009. Charlton was granted the time spent in Bonneville County, after his initial arrest, as well as after being arrested on the bench warrant prior to sentencing. The district court determined that he was entitled to no more credit for time served in the Bonneville County case while held in Ada County. Upon review of the record, the district court did not err in refusing to give Charlton credit in the instant case for time served in Ada County, which was not attributable to the charges or conduct in this matter. Therefore, the district court's order denying Charlton's motion for credit for time served is affirmed.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**